UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CHILEAN NITRATE PRODUCTS
LIABILITY LITIGATION
    City of Pomona v. Sociedad Quimica Y Minera )
        De Chile S.A., C.D. California, C.A. No. 2:11-167 )    MDL No. 2237
    City of Lindsay v. Sociedad Quimica Y Minera )
        De Chile S.A., E.D. California, C.A. No. 1:11-46 )

ORDER DENYING TRANSFER

**Before the Panel**:[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in two actions move to centralize two actions in the Central District of California. Responding defendant SQM North America Corporation (SQMNA) opposes the motion.

On the basis of the papers filed and the hearing session held, we will deny the motion. Each of these actions is brought by a California municipality alleging that its drinking water supply has been contaminated by perchlorate, a toxic chemical found in defendants' fertilizer products, and the actions do share some factual issues.[1] At the same time, each action also appears to involve numerous individualized issues, including whether (and, if so, when) those fertilizer products were used in the subject municipalities, the dates and extent of application of those products, and possible other sources of perchlorate contamination. There are, in addition, only two actions at issue. *See In re Transocean Ltd. Secs. Litig.*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010) ("As we have stated in the past, where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization."). Moreover, plaintiffs in both actions are represented by one law firm, and another law firm represents SQMNA in both actions. In these circumstances, informal cooperation among the involved attorneys is both practicable and preferable. *See In re: Boehringer Ingelheim Pharm., Inc., Fair Labor Standards Act (FLSA) Litig.*, ___ F. Supp. 2d ___, 2011 WL 346946, at *1 (J.P.M.L. Feb. 4, 2011) (denying centralization of four actions in which plaintiffs in three actions shared counsel and, in all actions, the common defendant was

---

    [*]    Judge Barbara S. Jones took no part in the disposition of this matter.

    [1]    These issues include, *inter alia*, the performance of defendants' fertilizer products, whether defendants knew or should have known about the risks of perchlorate groundwater contamination posed by fertilizer products, and the information that defendants provided (or did not provide) to regulators, customers, and the general public about the presence of perchlorate in defendants' products and the environmental risks of perchlorate.

- 2 -

represented by the same law firm, concluding that "alternatives to formal centralization, such as voluntary cooperation among the few involved counsel and courts, appear[ed] viable"). SQMNA represents that it has already offered to coordinate discovery, and that it is agreeable to the use of depositions of its witnesses in both actions.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil        W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.    Paul J. Barbadoro